# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* A.V.

No. 22-772 (Harrison County 21-JA-286-1)

## MEMORANDUM DECISION

Petitioner Father J.V.[1] appeals the Circuit Court of Harrison County's September 12, 2022, order terminating his parental and custodial rights to A.V.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In November 2021, the DHHR filed a petition alleging that petitioner had abandoned the child and had a substance abuse problem that led to the abuse and neglect of the child. An adjudicatory hearing was held in February 2022, where the DHHR presented evidence that petitioner had not provided for the child, nor did he have any regular visitation with the child. The DHHR also presented evidence that petitioner had an ongoing substance abuse problem for which he had not received treatment. According to the mother's testimony, petitioner's visits with the child were random and occurred only when the mother could contact petitioner or if petitioner needed something; petitioner had not paid any child support or otherwise provided the child with any necessities; petitioner used heroin and methamphetamine; and the mother had witnessed petitioner sell drugs within the last two years. The Child Protective Services ("CPS") worker assigned to the case testified that the DHHR had not received any support for the child from petitioner, nor had he requested contact with or inquired about the child since the filing of the petition, and petitioner had not attended a single proceeding since the filing of the petition. Based on the evidence presented, the circuit court found that petitioner neglected the child due to his substance abuse issues; his failure to protect the child from the neglect of the child's mother,

---

[1]Petitioner appears by counsel Ryan C. Shreve. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Deputy Attorney General Steven R. Compton. Counsel Holly L. Netz appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

to which she stipulated in her case; and his abandonment of the child. Following the adjudicatory hearing, petitioner filed a motion for a post-adjudicatory improvement period.

After several continuations, the circuit court held the dispositional hearing on August 8, 2022. Despite receiving notice of the hearing, petitioner did not appear but was represented by counsel who explained that he had just learned from the CPS worker that petitioner entered an inpatient substance abuse treatment program on August 4, 2022. The DHHR proceeded to present evidence of petitioner's continued substance abuse and lack of progress with services. According to the evidence, petitioner only attended two drug screens and tested positive for marijuana, amphetamine, and methamphetamine at his last drug screen on July 5, 2022. Further, evidence was presented that petitioner had a verbal altercation with the child's mother necessitating a response from law enforcement. Upon arrival, law enforcement discovered that petitioner had an active capias and was in possession of more than two grams of fentanyl. Finally, the CPS worker explained that petitioner entered into inpatient substance abuse treatment programs at least twice during the pendency of the proceedings and left against medical advice each time. In addition, the CPS worker testified that petitioner had re-entered the substance abuse treatment program for a third time as his counsel had previously represented. However, the CPS worker explained that she received an email, during the hearing, that petitioner left treatment against medical advice after two days. Counsel for petitioner objected to this testimony as hearsay, but the circuit court allowed the testimony and noted it would "give it the weight it deserves."

Based on this evidence, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect because of his continued substance abuse and failure to respond to or follow through with appropriate treatment. Moreover, due to the child's young age and petitioner's inability to correct the conditions of neglect, the circuit court found that termination of petitioner's parental rights was in the child's best interest. Prior to concluding the hearing, the circuit court also denied petitioner's motion for a post-adjudicatory improvement period. The circuit court explained that there was no likelihood petitioner would participate in an improvement period as he had failed to participate in any of the proceedings since the filing of the petition. As such, the circuit court terminated petitioner's parental and custodial rights to the child. It is from the dispositional order that petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no reversible error in the proceedings below.

---

[3]The mother's parental and custodial rights were also terminated. The permanency plan for the child is adoption in the current placement.

Before this Court, petitioner first argues that the circuit court erred in adjudicating him[4] of abandonment because the DHHR did not prove the allegations contained in the amended petition by clear and convincing evidence. Having reviewed the record, we find no merit in petitioner's argument. Pursuant to West Virginia Code § 49-1-201, "'[a]bandonment' means any conduct that demonstrates the settled purpose to forego the duties and parental responsibilities to the child." Here, the record demonstrates that the circuit court had sufficient evidence upon which to find that petitioner abandoned the child. The mother's testimony supports the circuit court's findings that petitioner did not have regular visitation with or provide any support for the child. As such, we find no error in the circuit court's adjudication of petitioner as a neglectful parent based upon abandonment, as the evidence clearly establishes that petitioner demonstrated a settled purpose to forego his duties and parental responsibilities to the child. *See In re F.S.*, 233 W. Va. 538, 544, 759 S.E.2d 769, 775 (2014) (requiring "clear and convincing evidence" of "conditions existing at the time of the filing of the petition" in order to support a finding of abuse and/or neglect).

Petitioner also contends that it was error for the circuit court to terminate his parental rights to the child because the court improperly admitted testimony of hearsay evidence by the CPS worker and failed to provide a proper analysis under the Rules of Evidence.[5] It is unnecessary to address this issue, however, because even assuming that it was error to introduce the evidence in question, a review of the record shows that sufficient evidence existed to terminate petitioner's parental rights outside of the challenged evidence. *See* W. Va. Code § 49-4-604(c)(6) (permitting termination of parental rights upon findings "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child). Specifically, the DHHR presented evidence that petitioner had failed to complete inpatient rehabilitation on two other occasions. Additionally, it was established that petitioner only attended two drug screens and tested positive for marijuana, amphetamine, and methamphetamine approximately one month

---

[4]Petitioner also generally asserts that the circuit court erroneously adjudicated him for failing to protect the child against the mother's neglect, which was not an allegation contained within the petition. Because petitioner fails to provide any analysis concerning this issue in his brief, we decline to address this issue. *See State v. Larry A.H.*, 230 W. Va. 709, 716, 742 S.E.2d 125, 132 (2013) ("Although we liberally construe briefs in determining issues presented for review, issues . . . mentioned only in passing but are not supported with pertinent authority, are not considered on appeal.").

[5]In support of this assignment of error, petitioner also argues that it was error for the circuit court to not allow for disclosure of the hearsay evidence under Rule 10(e) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings. Petitioner, however, did not raise this issue before the circuit court. Therefore, we decline to address this argument. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (quoting *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999) ("Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.").

before the dispositional hearing. Further, petitioner was arrested for possession of fentanyl less than two months before the dispositional hearing.

Pursuant to West Virginia Code § 49-4-604(d)(1), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which "[t]he abusing parent . . . [has] habitually abused or [is] addicted to . . . controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and such person[ has] not responded to or followed through the recommended and appropriate treatment." The circuit court found that petitioner was not capable of completing a drug treatment program, continued to habitually abuse drugs, and failed to attend drug screens. West Virginia Code § 49-4-604(c)(6) permits circuit courts to terminate parental rights upon these findings. As such, if any error occurred by admitting the hearsay testimony relating to petitioner's latest rehabilitation attempt, it was harmless under the limited circumstances of this case. Accordingly, we find this argument unavailing, as the circuit court was otherwise presented with sufficient evidence to terminate petitioner's parental rights. *See* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected").

Finally, petitioner argues that it was error to deny his motion for a post-adjudicatory improvement period. Petitioner contends that the evidence presented at the dispositional hearing demonstrated his likelihood to fully participate in the improvement period. The record, however, shows that petitioner not only failed to attend the dispositional hearing in order to demonstrate his likelihood to fully participate in an improvement period, but he had failed to participate in any of the proceedings since the filing of the petition. *See* W. Va. Code § 49-4-610(2)(B) (requiring that a parent "demonstrate[], by clear and convincing evidence, that the [parent] is likely to fully participate" in order to obtain an improvement period). Further, petitioner's only support for his entitlement to an improvement period is that he attempted "and was still potentially in" inpatient drug rehabilitation. Petitioner ignores the fact that he was discharged without completing the same on two other occasions. The record is clear that the court did not err in denying petitioner's motion, as he was almost entirely noncompliant during the matter below. Accordingly, termination of petitioner's parental rights was not in error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 12, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn